IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO.: 3:25-429

| | |
|---|---|
| DRIPP GRIPP, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>THE CINCINNATI INSURANCE COMPANY,<br><br>    Defendant. | **THE CINCINNATI INSURANCE COMPANY'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1441 (b) (Diversity)** |

Defendant, The Cincinnati Insurance Company ("Cincinnati"), by and through the undersigned counsel, hereby gives notice, pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446, that it has removed the above-captioned matter to the United States District Court for the Western District of North Carolina, Charlotte Division (the "Notice"). A copy of this Notice is being filed with the Clerk of the Superior Court of Buncombe County, State of North Carolina, pursuant to 28 U.S.C. 1446(b).[1] In support of this Notice, Cincinnati states the following:

**PROCEDURAL HISTORY AND CASE BACKGROUND**

1. On April 16, 2025, Plaintiff Dripp Gripp, LLC ("Plaintiff") commenced this Civil Action against Cincinnati by filing a legal complaint ("Complaint") in the General Court of Justice, Superior Court Division, Buncombe County, North Carolina, styled *Dripp Gripp, LLC v. The Cincinnati Insurance Company, Case no.* 25CV002231-100. *See Exhibit A, Complaint.*

---

[1] By filing this Notice of Removal, Cincinnati does not admit that Plaintiffs are entitled to the relief sought in the Complaint, that any claimed damages are recoverable, or that punitive damages or attorneys' fees are appropriate; rather, Cincinnati asserts only that the amount in controversy, as alleged by Plaintiffs, satisfies the jurisdictional requirements for removal.

1

2. The time for Cincinnati to respond to the Complaint or remove this Action to Federal Court has not yet expired. On May 9, 2025, North Carolina Department of Insurance Commissioner ("NCDOIC"), Mr. Mike Causey, and Special Deputy for Service of Process, Courtney Ethridge, accepted service of Plaintiff's Summons and Complaint. *See Exhibit B, Letter of Acknowledgment.* The NCDOIC thereafter forwarded the Summons and Complaint to Cincinnati, via U.S. Certified Mail, which Cincinnati received on May 22, 2025. *See Exhibit C, Certified Mail Envelope; see also Exhibit D, USPS Tracking Receipt.* Accordingly, Cincinnati has until June 23, 2025, to respond or remove this Civil Action to Federal Court.[2]

3. Plaintiff's Complaint concerns whether an insurance policy issued to Plaintiff by Cincinnati (the "Policy") requires Cincinnati to indemnify Plaintiff for damages arising from alleged water intrusion on September 27, 2024, at Plaintiff's business located at 3 S. Tunnel Road, Suite B-09, Asheville, North Carolina (the "Property"). *See Exhibit A, Complaint, ¶¶14-16; See also Exhibit E*, Certified Copy of Policy.

4. Plaintiff's Complaint asserts a single cause of action for Breach of Contract against Cincinnati. *See id.* at *¶¶23-27.* Per the allegations in Plaintiff's Complaint and the balance of information otherwise available, removal of Plaintiff's Complaint to this Honorable Court is proper.

---

[2] A defendant has 30 days from the date of service of process to file a notice of removal to federal court. *See* 28 U.S.C. § 1446(b). Under *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999), the 30-day period for removal under 28 U.S.C. § 1446(b) starts only when the defendant is formally served with the summons and complaint. *See Elliott v. Am. States Ins. Co.*, 883 F.3d 384, 391 (4th Cir. 2018). The Fourth Circuit in *Elliott* further clarifies that service on a statutory agent does not trigger this time period, as it does not guarantee the defendant receives actual notice. *Id.* Here, because the 30th day from May 22, 2025 (*i.e.*, June 22, 2025) falls on a Sunday, the deadline therefore extends to the next business day, Monday, June 23, 2025, pursuant to Federal Rule of Civil Procedure 6(a)(1)(C).

## JURISDICTIONAL BASIS UNDER 28 U.S.C. § 1332

5. Under 28 U.S.C. § 1332, this Honorable Court has "original jurisdiction where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states . . .." *Id.* Here, both criteria are met.

### A. The Amount in Controversy Exceeds $75,000.00.

6. A federal court has diversity jurisdiction over an action when the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the parties have complete diversity of citizenship. *See* 28 U.S.C. § 1332(a); *see also Snyder v. Harris,* 394 U.S. 332, 335, 89 S. Ct. 1053, 1057, (1969); *Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.,* 320 U.S. 238, 64 S. Ct. 5 (1943) (holding that punitive as well as compensatory damages are to be considered in determination of whether requisite jurisdictional amount is actually in controversy); *Shanaghan v. Cahill,* 58 F.3d 106, 109 (4th Cir. 1995) (holding consistent with *Snyder v. Harris*).[3]

7. Here, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

8. Plaintiff's Claim for Relief seeks "the maximum amount allowed by the Policy for the Loss, less payments previously made." *See Exhibit A, Complaint, ¶25.*

9. The Policy limit for Plaintiff's Business Personal Property ("BPP") is $830,800.00. *See Exhibit E, Policy, p. 3.*

---

[3] Pursuant to 28 U.S.C. § 1446(a), a removing party need only make a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *See Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, 554 (2014); *see also* 28 U.S.C. § 1446(c)(2) ("If removal of a civil action is sought on the basis of [diversity of citizenship], the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy ....").

10. Additionally, Plaintiff's Claim for Relief seeks an unidentified amount of Business Income loss and "consequential damages," including "replacement cost of the damage to BPP." *See Exhibit A, Complaint,* ¶27. Further, Plaintiff submitted to Cincinnati, shortly before filing the instant Complaint, a signed, sworn, and notarized proof of loss form, stating that the amount claimed under the Policy is $1,186,529.83. *See Proof of Loss, attached as Exhibit F.*

11. Clearly, the amount in controversy exceeds $75,000.00. Accordingly, removal is proper under 28 U.S.C. § 1332(a).

### B. Complete Diversity of Citizenship Exists.

12. Plaintiff asserts it is a corporation organized and existing under the laws of the State of North Carolina with its principal place of business and headquarters located in North Carolina. *See Exhibit A, Complaint,* ¶*1.* As such, Plaintiff is a citizen of North Carolina.

13. Defendant is a corporation organized and existing under the laws of the State of Ohio with its principal place of business in Ohio. *See Exhibit A, Complaint,* ¶2 (Plaintiff alleges Cincinnati is a foreign corporation); s*ee also Exhibit G, Ohio Secretary of State Business Details regarding The Cincinnati Insurance Company*; *see also* 28 U.S.C. § 1332(c)(1) (stating "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business"). Thus, Cincinnati is a citizen of Ohio.

14. Accordingly, complete diversity exists between the Parties, as Plaintiff is a citizen of North Carolina and Cincinnati is a citizen of Ohio.

### C. The Notice of Removal is Timely.

15. This Notice of Removal is timely under 28 U.S.C. § 1446, which requires filing within 30 days of service. Cincinnati was served on May 22, 2025, making this filing within the statutory deadline. *See supra*, *including Exhibits B, C, and D.*

### LEGAL ARGUMENT

16. Because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, the parties are citizens of different states, and this Notice of Removal is timely under 28 U.S.C. § 1446, this Honorable Court has original jurisdiction under 28 U.S.C. §§ 1332 and 1441. *See* 28 U.S.C. §§ 1332(a), 1441, 1446.

17. Pursuant to 28 U.S.C. § 1441(a), this Honorable Court is the proper venue for removal because it is the district and division embracing the place where the originally filed State Civil Action is pending.

18. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for the Plaintiffs and shall be contemporaneously filed with the Clerk's Office for the Superior Court of Buncombe County, North Carolina. A copy of the Notice of Filing the Notice of Removal, which shall be filed in this Civil Action, is attached hereto as *Exhibit H*.

19. This Notice of Removal is not a waiver of Cincinnati's defenses, nor should it be understood or construed as a waiver of any defense Cincinnati may have against any of the allegations in the Complaint, or as a general appearance or waiver of any defense based upon lack of jurisdiction or for failure to state a claim.

WHEREFORE, Defendant, The Cincinnati Insurance Company, respectfully requests that the above-captioned Civil Action be removed from the Superior Court of

Buncombe County, North Carolina, to the United States District Court for the Western District of North Carolina.

This the 20th day of June, 2025.

Respectfully submitted,

BUTLER WEIHMULLER KATZ CRAIG LLP

  /s/ Nicholas Goanos
T. Nicholas Goanos, NC Bar No.: 45656
11525 N. Community House Road, Suite 300
Charlotte, North Carolina 28277
Telephone: 704.543.2321
Facsimile: 704.543.2324
Email: tgoanos@butler.legal
*Attorney for The Cincinnati Insurance Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing **THE CINCINNATI INSURANCE COMPANY'S NOTICE OF REMOVAL** pursuant to 28 U.S.C. § 1441 (b) (Diversity) has been electronically filed with the United States District Court for the Western District of North Carolina on the 20th day of June, 2025, by using the CM/ECF system and by email addressed to the following:

Robert H. Jessup
Howard, Stallings, From, Atkns, Angell & Davis, P.A.
5410 Trinity Rd., Suite 210
Raleigh, North Carolina 27607
rjessup@hsfh.com
*Local Counsel for Plaintiffs*

Scott Green
Michael Childress
G&C Law, LLC
P.O. Box 30016
Chicago, Illinois 60630
sgreen@sdglawoffices.com
childressmichael96@gmail.com
*Attorneys for Plaintiff – Pro Hac Vice Admission Pending*

    /s/ Nicholas Goanos
    T. Nicholas Goanos