**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**CIVIL CASE NO. 1:25-cv-00186-MR-WCM**

| | | |
|---|---|---|
| **DRIPP GRIPP, LLC,** | ) | |
| | ) | |
| **Plaintiff**, | ) | |
| | ) | |
| **vs.** | ) | **<u>MEMORANDUM OF</u>** |
| | ) | **<u>DECISION AND ORDER</u>** |
| **CINCINNATI INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendant**. | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Exclude [Doc. 49].

## I. INTRODUCTION

This case involves an insurance coverage dispute for losses caused by water intrusion into the Plaintiff Dripp Gripp, LLC's store during Hurricane Helene. The Plaintiff alleges that the damage was caused by a "Covered Cause of Loss" under its insurance policy with the Defendant. In support, the Plaintiff relies on the testimony of Jeffrey Major, a public adjuster. Major opines, among other things, that the water damage was caused by wind-driven roof delamination or a sprinkler leak, both of which the Plaintiff contends would be covered under the policy.

The Defendant now moves to exclude the testimony and opinions of Jeffrey Major. [Doc. 49]. The motion has been fully briefed. [Docs. 50, 61, 65]. This matter is therefore ripe for disposition.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 26(a)(2) provides that "a party must disclose to the other parties the identity of any witness it may use at trial to present" expert opinion testimony. Fed. R. Civ. P. 26(a)(2)(A). If the witness is "one retained or specially employed to provide expert testimony in the case," the witness must prepare and sign a written report containing "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B). Otherwise, the party need only disclose the subject matter of the witness's expected testimony and a summary of facts and opinions. Fed. R. Civ. P. 26(a)(2)(C).

A party that fails to comply with Rule 26(a) "is not allowed to use that information or witness to supply evidence . . ., unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The Court has "broad discretion" in making this determination. Wilkins v. Montgomery, 751 F.3d 214, 222 (4th Cir. 2014). The proponent of the expert bears the burden of showing its failure to comply with Rule 26 was substantially justified or harmless. Id.

## III. BACKGROUND

Major is the President and CEO of Skyline Public Adjusters, LLC, which is based in New York City. [Doc. 61-3 at 1, 5]. He is licensed in North Carolina as a public adjuster. [Id. at 5]. Major's Curriculum Vitae also lists "Expert Witness" as one of his occupations. [Id. at 1].

In October 2024, Major "got a call from Michael Childress"—one of the Plaintiff's attorneys in this matter—asking if he could "refer" an insurance "claim" to Major. [Doc. 50-3 at 5]. Based on this referral, on November 20, 2024, Major flew to North Carolina and inspected the Plaintiff's store. [Doc. 61-2 at 24].

On December 19, 2025, pursuant to Federal Rule of Civil Procedure 26(a)(2)(C), the Plaintiff initially disclosed Major as a "non-retained" expert. [Doc. 50-1 at 3-4]. The Plaintiff did not have Major prepare a written expert report. Instead, the Plaintiff disclosed that Major is expected to testify (1) "to what he visually observed" during his inspections of the property, (2) to the reasonableness of quotes obtained by the Plaintiff for the "replacement cost value of the damage to the Dripp Gripp store," and (3) "that the loss sustained by Dripp Gripp is covered" by the insurance policy. [Id.]. The first day of Major's deposition occurred on April 15, 2026. [Doc. 50-3 at 1]. On April 28,

2026, the Plaintiff filed a First Amended Complaint asserting two additional claims. [Doc. 47].

On May 27, 2026, the Plaintiff served Amended Rule 26 Disclosures on the Defendant. [Doc. 50-2]. In those disclosures, the Plaintiff represented that "Major was retained by Plaintiff to investigate Plaintiff's loss and may possess knowledge regarding the cause and extent of damages to the insured property and communications with the Plaintiff." [Id. at 2]. The next day, on May 28, 2026, Major offered his second day of deposition testimony. [Doc. 61-2 at 1].

During his depositions, Major discussed his engagement with the Plaintiff. He testified that "from [his] understanding . . . [he has] not been engaged formally . . . to be an expert in this matter," [Doc. 50-3 at 11], and he has "not signed a contract with Dripp Gripp or any of their entities or connections or lawyers related to this litigation," [Doc. 61-2 at 2, 4]. He also testified that he was not engaged as a public adjuster, for claims support, or to prepare any damages or reconstruction estimates. [Doc. 50-3 at 2; Doc. 61-2 at 13]. Major clarified that he worked for the Plaintiff "in his capacity of Skyline" but as "an expert" and his work with the Plaintiff "would be more litigation support, not claims support." [Doc. 50-3 at 2]. He further stated that he has "a relationship with" the Plaintiff's attorneys and that he is

"hoping" that his assistance in this case will "lead[] to future work" such that "there's a financial expectation." [Id. at 11].

Additionally, Major testified that, since his inspection of the Plaintiff's store, he has continued "performing work in this matter." [Id.]. Specifically, Major has been "answering questions" from the Plaintiff's lawyers, and he had a zoom call with Jeffrey Sanchez—an engineer retained by the Defendant—to discuss Major's opinions about the purported damage to the Plaintiff's store. [Id.; Doc. 61-2 at 41, 45]. Major also testified to evaluating the reasonableness of third-party replacement quotes for the Plaintiff's case. [Doc. 50-3 at 8-9].

On June 9, 2026, the Defendant filed the instant motion in limine, seeking to exclude Major's testimony and opinions. [Doc. 49]. The Defendant contends that Major's testimony and opinions should be excluded on three grounds: (1) his opinions about the reasonableness of third-party repair quotes and the cause and origin of the Plaintiff's losses are unreliable as not based on sufficient facts, data, or methodology; (2) his opinions about insurance coverage are mere legal conclusions; and (3) he improperly failed to provide an expert report. [Doc. 50 at 11-20].

## IV. DISCUSSION

### A. Expert Report Requirement

Federal Rule of Civil Procedure 26(a)(2) recognizes two types of expert witness. If the witness is "retained or specially employed to provide expert testimony in the case," the witness must provide a written report. Fed. R. Civ. P. 26(a)(2)(B). If the witness is not retained or specially employed as an expert, the witness need not provide a written report but the party offering the witness must disclose the "subject matter on which the witness is expected to present evidence" and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). The latter group of witnesses are often referred to as "[h]ybrid witnesses—fact witnesses with expertise that will inform their testimony." Timpson by & through Timpson v. Anderson Cnty. Disabilities & Special Needs Bd., 31 F.4th 238, 253 (4th Cir. 2022). Most witnesses, however, do not qualify as hybrid witnesses. Id.

A hybrid witness's "testimony is based on facts learned or observations made in the normal course of their duties, rather than based on a review of materials supplied to them by someone else." Mayo v. City of Huntington, No. 3:21-CV-00471, 2022 WL 1298742, at *1 (S.D.W. Va. Apr. 29, 2022). The paradigmatic example of a hybrid witness is a physician who treated a

plaintiff prior to the onset of litigation. Nat'l R.R. Passenger Corp. v. Ry. Express, LLC, 268 F.R.D. 211, 216 & n.3 (D. Md. 2010).

"While the status of a witness is important in establishing . . . the types of opinions that the witness may express, it is the nature of the testimony itself that exempts hybrid witnesses from additional expert disclosure requirements." Id. Thus, a hybrid witness "'must testify from the personal knowledge they gained on the job,' and '[t]he district court certainly may preclude these witnesses from testifying beyond the scope of facts they learned and opinions they formed during the course of their project duties.'" Timpson, 31 F.4th at 253 (alteration in original) (quoting Indianapolis Airport Auth. v. Travelers Prop. Cas. Co. of Am., 849 F.3d 355, 371 (7th Cir. 2017)). "[A] party may not circumvent the requirements of Rule 26 by employing a witness, like a treating physician who treated an injured party, to provide testimony extending into classic expert opinion regarding causation and prognosis." Nat'l R.R. Passenger Corp., 268 F.R.D. at 216. Therefore, even hybrid witnesses whose involvement arose from the normal course of their duties before the commencement of litigation must still provide a written report if they seek to offer expert testimony beyond the scope of their personal observations. See Morris v. Bland, 666 F. App'x 233, 239 (4th Cir. 2016).

Here, Major's participation in this matter began only after the Plaintiff's attorneys recruited him. In addition to his site-inspection, Major continued to perform work in anticipation of litigation, including answering questions for the Plaintiff's counsel and engaging in a substantive discussion with an engineer retained by the Defendant. These are the typical responsibilities of a retained expert and are not performed in the normal course as a public adjuster.

Notably, as Major testified during his deposition, he was never engaged by the Plaintiff in his regular profession as a public adjuster, for claims support, or to prepare any damages or reconstruction estimates. [Doc. 50-3 at 2; Doc. 61-2 at 13]. As such, he did not perform his work in the normal course of those duties. Rather, Major testified that he worked "in the capacity of Skyline" but as "an expert," and he confirmed that his work "would be more litigation support, not claims support." [Doc. 50-3 at 2]. Major also testified that, although not currently compensated, he has a "financial expectation" that his work in this case will lead to future work with the Plaintiff's counsel. [Id. at 11].

Despite these concessions, the Plaintiff repeatedly contends that Major does not fall within the purview of Rule 26(a)(2)(B) because he was not "engaged formally," [id. at 11], and does not have a contract or "financial or

other interest" in the lawsuit, [Doc. 61 at 18-19]. Rule 26(a)(2)(B), however, does not impose such requirements. Major was engaged by the Plaintiff's attorney and subsequently performed the traditional work of a retained expert. In doing so, he relied on materials supplied by the Plaintiff and its counsel, such as the third-party replacement quotes, the Policy, and blueprints. Major's work was not performed in "normal course of [his] duties" in any profession other than that of an expert. Mayo, 2022 WL 1298742, at *1. The Plaintiff may not circumvent the requirements of Rule 26 or transform its expert into a hybrid witness by not formally compensating or contracting with that expert witness. Major does not qualify as a hybrid witness. Therefore, he was required to have produced an expert report.

Moreover, even if Major qualified as a hybrid witness, he seeks not only to testify about his personal observations but also to offer "classic expert opinion" on the cause and origin of the Plaintiff's damages and the reasonableness of third parties' repair quotes. See id.; accord Morris v. Bland, 666 F. App'x at 239. Accordingly, any testimony by Major regarding cause and origin or the reasonableness of repair quotes "exceeds the bounds of permissible hybrid witness testimony" and "obliged him to produce an expert report." See Sacks Holdings, Inc. v. Grin Nat. USA Ltd., No. 1:23CV1058, 2025 WL 1615318, at *6 (M.D.N.C. June 6, 2025). Major did

not produce a written expert report and so failed to satisfy Rule 26(a)(2)(B). As such, his opinions are subject to exclusion unless the failure to prepare such a report was substantially justified or otherwise harmless. See Fed. R. Civ. P. 37(c)(1); S. States Rack And Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 595-96 (4th Cir. 2003).

**B. Exclusion**

Federal Rule of Civil Procedure 37(c)(1) excludes an expert witness's testimony if he failed to comply with Rule 26, unless the failure was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). In determining whether an expert should be excluded, the Court "should be guided by the following factors: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." S. States, 318 F.3d at 597. The district court is "not *required* to tick through each of the Southern States factors." Wilkins, 751 F.3d at 222 (emphasis in original).

Here, the Plaintiff argues that the failure to produce a written report is harmless because the Defendant has known Major's opinions and factual bases since its initial disclosures, and the Defendant deposed Major over

two days. [Doc. 61 at 19]. Although the Defendant had the opportunity to depose Major based on the Plaintiff's disclosures, the Defendant could not adequately take advantage of that opportunity without a written report to dictate the parameters of Major's opinions and supporting facts.

Whereas an expert's written report would normally explain his reasoning and identify supporting facts or data in the first instance, the Defendant spent two days trying to unravel what Major observed and how he reached his conclusions. Without any goalposts, the Defendant could not adequately prepare for Major's depositions and could only blindly question Major. The disclosures and depositions do not provide a complete picture of Major's opinions and the facts upon which he bases those opinions and thus cannot substitute for the required written report. See Sacks Holdings, 2025 WL 1615318, at *7.

The Defendant continues to face surprise if Major offers testimony at trial. Notably, Major is not limited to any opinions or factual bases memorialized in a written report. As such, the Defendant is deprived of the report as the primary source of the parameters for cross-examination. Major is also not limited to his deposition testimony, in which the Defendant was restricted to the narrow guidance of the Plaintiff's disclosures. The Plaintiff's

failure to comply with Rule 26 leaves the Defendant able only to speculate on the opinions Major may offer and the specific bases and reasons for them.

Further, the Plaintiff states that "Major performed the most hand-on examination of the loss" for the Plaintiff's case. [Doc. 61 at 1]. As such, the application of his expertise and his opinions may be broad in their scope. This underscores the reason for an expert report. It cabins the discovery regarding the expert and limits expert surprises at trial. The Plaintiff also "cannot cure that surprise without further delay and further discovery," which has now been closed for two months, even if Major were to supply a report now. See Sacks Holdings, 2025 WL 1615318, at *7. Extending discovery would, therefore, disrupt the trial date.

The Plaintiff's failure to comply with Rule 26 "unfairly inhibits its opponent's ability to properly prepare, unnecessarily prolongs litigation, and undermines the district court's management of the case." Saudi v. Northrop Grumman Corp., 427 F.3d 271, 278 (4th Cir. 2005). The Plaintiff has failed to show that its failure was substantially justified or harmless.

Accordingly, in exercising its broad discretion, the Court grants the Defendant's motion to exclude Major's expert witness testimony under Rule

37(c)(1).[1] Because the Court concludes that Major violated Rule 26, it does not address the Defendant's Daubert-related contentions.

## V. CONCLUSION

In sum, the Court concludes that Major violated Rule 26(a)(2)(B) because he was required to provide a written expert report and failed to do so. The Court will therefore grant the Defendant's motion to exclude Major's testimony and opinions. Major will not be permitted to testify as an expert witness in this matter.

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Exclude [Doc. 49] is hereby **GRANTED**. Jeffrey Major will not be permitted to testify as an expert witness in this matter.

**IT IS SO ORDERED**.

Signed: November 5, 2026

Martin Reidinger
Chief United States District Judge

[1] The Court makes no determination at this time regarding the extent to which Major may be permitted to testify as a layperson regarding his personal observations of the Plaintiff's store.